IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PARSONS & WHITTEMORE ENTERPRISES CORPORATION, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | CIVIL ACTION NO. 09-631-CG-B |
| CELLO ENERGY, LLC, et al., ) ) | |
| Defendants, ) ) | |

## ORDER

On September 25, 2009, Parsons and Whittemore Enterprises Corporation ("P&W") brought a lawsuit against Cello Energy, LLC ("Cello"), Boykin Trust, LLC ("Boykin Trust"), Vesta Venture, L.L.C. ("Vesta"), Forest Technologies, LLC ("Forest Technologies"), Jack W. Boykin ("Jack Boykin"), Lois Anne Cowin Boykin ("Lois Boykin"), Allen Boykin, and Elisa Boykin Rambo ("Elisa Rambo") pursuant to the Alabama Uniform Fraudulent Transfer Act ("AUFTA") to "avoid and/or to prevent fraudulent transfers made and proposed to be made by and among members of the Boykin Family and entities they control." (Doc. 1, p. 1). All of the defendants denied the claimant's allegations. (Docs. 5-10, 13). On August 24, 2010, this court granted the defendants' motions for summary judgment as to P&W's claims against Forest Technologies. (Doc. 156). On September 27, 2010, this court granted a joint motion to dismiss P&W's claims against Vesta and Elisa Rambo. (Docs. 163 & 164). A bench trial was held on P&W's remaining claims; testimony was taken and other evidence was received in this matter on September 27, 2010, September 28, 2010, and September 29, 2010. On October 21, 2010, P&W

1

filed a notice of a bankruptcy filing by Cello. On October 25, 2010, P&W filed a notice of a bankruptcy filings by Boykin Trust and Jack Boykin. On October 27, 2010, this court stayed this action as to Counts I, II, III, VII, VIII, IX, XIII, XIV, XV, XVI, XVII, XVIII, XX and XXI and ruled that P&W is entitled as to Count IXX [sic][1] to a net claim of $695,000 from Allen Boykin. (Doc. 182). This matter is now before the court on P&W's motion for reconsideration of this court's October 27, 2010, order as to Count XX. (Doc. 184).

In Count XX of its complaint, P&W asserts that "[d]ue to the conduct of Lois Boykin, Allen Boykin and Elisa Rambo, the corporate veil of Boykin Trust is pierced and Lois Boykin, Allen Boykin and Elisa Rambo are personally liable for the indebtedness owed to P&W by Boykin Trust", thus P&W asks this court to "enter an order awarding damages in favor of P&W against Lois[], Allen[], and Elisa[], jointly and severally, to the extent necessary to satisfy the claim of P&W against Boykin Trust and awarding such other or different relief as the Court deems proper and just." (Doc. 1, pp. 30-31). In staying this action as to Count XX, this court found that the automatic stay under 11 U.S.C. § 362 prevented it from ruling on P&W's claim for piercing the corporate veil because that claim is property of the estate. (Doc. 182, pp. 15-16). In its motion for reconsideration, P&W asks this court to withdraw its ruling in the October 27, 2010, order regarding the applicability of the automatic stay on Count XX and refrain from entering judgment on Count XX until the Bankruptcy Court makes a determination as to the interaction between the automatic stay and Count XX. (Doc. 184, p. 11). This court agrees and finds that the bankruptcy court is in a better position to determine whether P&W's claim for piercing the corporate veil is property of the estate. Therefore, P&W's motion for reconsideration is due to be granted.

---

[1] The next numbered count should be XIX.

2

## CONCLUSION

After due consideration of the matter presented and for the reasons set forth herein, it is **ORDERED** that P&W's motion for reconsideration (Doc. 184) is **GRANTED** and that the portion of this court's October 27, 2010, order pertaining to Count XX is **VACATED**. This court shall refrain from entering judgment on Count XX until the Bankruptcy Court makes a determination as to the interaction between the automatic stay and Count XX.

**DONE and ORDERED** this 8th day of November, 2010.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE