# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PARSONS & WHITTEMORE ENTERPRISES CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO. 09-631-CG-B ) |
| CELLO ENERGY, LLC, et al., | ) ) |
| Defendants, | ) ) ) |

## ORDER

On September 25, 2009, Parsons and Whittemore Enterprises Corporation ("P&W") brought a lawsuit against Cello Energy, LLC ("Cello"), Boykin Trust, LLC ("Boykin Trust"), Vesta Venture, L.L.C. ("Vesta"), Forest Technologies, LLC ("Forest Technologies"), Jack W. Boykin ("Jack Boykin"), Lois Anne Cowin Boykin ("Lois Boykin"), Allen Boykin, and Elisa Boykin Rambo ("Elisa Rambo") pursuant to the Alabama Uniform Fraudulent Transfer Act ("AUFTA") to "avoid and/or to prevent fraudulent transfers made and proposed to be made by and among members of the Boykin Family and entities they control." (Doc. 1, p. 1). All of the defendants denied the claimant's allegations. (Docs. 5-10, 13). On August 24, 2010, this court granted the defendants' motions for summary judgment as to P&W's claims against Forest Technologies. (Doc. 156). On September 27, 2010, this court granted a joint motion to dismiss P&W's claims against Vesta and Elisa Rambo. (Docs. 163 & 164). A bench trial was held on P&W's remaining claims; testimony was taken and other evidence was received in this matter on September 27, 2010, September 28, 2010, and September 29, 2010. On October 27, 2010, this

1

court entered an order finding that P&W was entitled to a net claim of $695,000 against Allen Boykin as to its unjust enrichment claim. (Doc. 182). This matter is now before the court on Allen's motion to alter, amend, or vacate this court's October 27, 2010, order (Doc. 186) and P&W's response (Doc. 187). For the reasons stated below, Allen Boykin's motion to alter, amend, or vacate this court's October 27, 2010, order is due to be **DENIED**.

In his motion, Allen fails to recite any applicable legal standard for alteration or amendment of this court's order pursuant to any Federal Rule of Civil Procedure or explain why any legal standard is satisfied in the present case. As stated by another judge of this court,

> Far too often, litigants operate under the flawed assumption that any adverse ruling on a dispositive motion [or bench trial] confers upon them license to move for reconsideration, vacatur, alteration or amendment as a matter of course, and to utilize that motion as a platform to criticize the judge's reasoning, to relitigate issues that have already been decided, to champion new arguments that could have been made before, and otherwise to attempt a "do-over" to erase a disappointing outcome. This is improper… To be clear, the undersigned views the pro forma filing of Rule 59(e) [and Rule 60(b)] motions, in derogation of applicable legal standards, as an abusive practice that wastes considerable judicial and litigant resources, and implicates Rule 11.

Garrett v. Stanton, slip op., 2010 WL 320492, at *2 (S.D.Ala. Jan. 18, 2010). "'In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly.'" Id.(quoting Gougler v. Sirius Products, Inc., 370 F.Supp.2d 1185, 1189 (S.D.Ala. 2005); see also Spellman v. Haley, slip op., 2004 WL 866837, at *2 (M.D.Ala. Feb. 22, 2002)("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling").[1] "A motion to reconsider is not a vehicle 'to relitigate old matters, or to raise arguments or present evidence that could have been raised prior

---

[1] Judge Steele correctly points out that "[i]t is… improper to utilize a motion to reconsider to ask a district court to rethink a decision once made, merely because a litigant disagrees" because "[i]magine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request." Id., at *2 n. 1.

to entry of judgment.'" Id.(quoting Exxon Shipping Co. v. Baker, 554 U.S. 471, 128 S.Ct. 2605, 2617 n. 5, 171 L.Ed.2d 570 (2008). "The Eleventh Circuit has stated that 'a motion to reconsider should not be used by the parties to set forth new theories of law.'" Id.(quoting Mays v. U.S. Postal Service, 122 F.3d 43, 46 (11th Cir. 1997); other citations omitted). Instead, the law of this Circuit is unambiguous that "[t]he only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact", or for granting a Rule 60(b) motion are one of the six enumerated reasons.[2] United States v. Marion, 562 F.3d 1330, 1335 (11th Cir. 2009)(citation omitted); Fed.R.Civ.P. 60(b)(1)-(6).

Allen's motion does not come close to meeting the stringent standards of Rule 59(e) or Rule 60(b). He offers no newly-discovered evidence, mentions no intervening change in controlling law, asserts no mistake or excusable neglect, does not argue that P&W engaged in any fraud, and does not maintain that the judgment was void. Rather, Allen rehashes the same factual and legal arguments that he made at trial and in his post-trial brief. This court has

---

[2] Rule 60(b) provides that a court may relieve a party from an order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

considered those arguments previously and already found that Allen Boykin was unjustly enriched by the payment of a salary, bonuses and other compensation that he received as a result of a vast fraud perpetrated by him and the other defendants and that equity and good conscience require restitution in the form of repayment of that money. This court does not find that there any exceptional circumstances that warrant relief from this court's previous findings, thus Allen's motion is due to be denied.

**CONCLUSION**

After due consideration of all matters presented and for the reasons set forth herein, Allen Boykin's motion to alter, amend, or vacate is **DENIED**.

**DONE** and **ORDERED** this 3rd day of February, 2011.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE